**LE BEAU TOURS INTER–AMERICA, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 246, Docket 76–6093.**

United States Court of Appeals, Second Circuit.

Argued Nov. 11, 1976.

Decided Nov. 23, 1976.

Frank G. Opton, New York City (Lynton, Klein, Opton & Saslow, New York City, on the brief), for plaintiff-appellant.

William G. Ballaine, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, on the brief, William R. Bronner, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before KAUFMAN, Chief Judge, and SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

The taxpayer, Le Beau Tours Inter-America, Inc., seeks to recover $101,698.65 plus interest paid after the Internal Revenue Service disallowed its deductions as a "Western Hemisphere trade corporation" for the taxable years 1966, 1967 and 1968. The relevant facts were stipulated before Judge Gagliardi, who granted summary judgment for the United States and dismissed Le Beau's complaint.

Le Beau is in the business of organizing tours to Latin America and the West Indies. It puts together travel plans intended to attract American tourists, and secures the required hotel space and ground services for these arrangements through Latin American representatives. These "package" tours are sold to vacationers by travel agencies in the United States. Le Beau's customers pay Le Beau an amount equivalent to the actual cost of the foreign accommodations and other services. Le Beau then retains a portion of the funds as the "commission" on its sales and forwards the remainder to the actual provider of the foreign services. These commissions comprise Le Beau's income.

The question before us is whether Le Beau qualifies for the special deduction available to "Western Hemisphere trade corporations" under 26 U.S.C. §§ 921–922.[1]

---

1. 26 U.S.C. § 921 defines a "Western Hemisphere trade corporation" as:

   . . . a domestic corporation all of whose business (other than incidental purchases) is done in any country or countries in North, Central, or South America, or in the West Indies, and which satisfies the following conditions:

   (1) if 95 percent or more of the gross income of such domestic corporation for the

Section 921 requires that an eligible corporation must earn at least 95% of its gross income for the three years prior to the close of the taxable year from foreign sources. Le Beau asserts that its compensation is wholly derived from sources outside the United States. We agree with Judge Gagliardi that it is not, and thus, Le Beau does not qualify for a reduction in 1966, 1967, and 1968.

 Since Le Beau is a service corporation, the source of its income is determined by the place its compensable services are performed.[2] Le Beau claims it receives its income by making arrangements for hotel accommodations and ground services for, and providing some ground services to, overseas travelers. Thus, it asserts, all its income is from foreign sources. But Le Beau does not provide these services. It merely purchases them from foreign "ground operators" for its American clients. Le Beau's compensation is derived from facilitating and encouraging American travel within the Western Hemisphere. Its services are largely administrative, and consists in the main in planning, organizing and promoting its tours. These services are part of the means whereby Le Beau fosters American travel to Latin America, and are not, as Le Beau contends, mere "expenses" of its business.[3] Judge Gagliardi properly sought to ascertain the proportion of these services performed within the United States. Le Beau, however, stipulated that more than 5% of the time spent in connection with its tours, exclusive of the activities of its foreign ground operators, was attributable to work performed within the United States. Judge Gagliardi properly allocated the source of Le Beau's income on a time basis, as provided by Treas.Reg. 1.861–4(b)(2). *See, Tipton & Kalmbach v.*

*United States,* 480 F.2d 1118 (10th Cir. 1973). Thus, we agree with his conclusion that Le Beau derived less than 95% of its income from foreign sources in the relevant years. Accordingly, we affirm.

---

3-year period immediately preceding the close of the taxable year (or for such part of such period during which the corporation was in existence) was derived from sources without the United States; and

(2) if 90 percent or more of its gross income for such period or such part thereof was ·derived from the active conduct of a trade or business.

**2.** 26 U.S.C. § 861(a)(3), 26 U.S.C. § 862(a)(3).

**3.** Nor are we persuaded by Le Beau's argument that since some of its services are performed in · New York by employees of a sister corporation, which is compensated by Le Beau, those services may not be considered in determining the source of its income. Judge Gagliardi correctly rejected this claim.